*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1429**

State of Minnesota,
Respondent,

vs.

Jonathon Michael Honeycutt,
Appellant.

**Filed June 13, 2016
Affirmed
Rodenberg, Judge**

Ramsey County District Court
File No. 62-CR-15-486

Lori Swanson, Attorney General, St. Paul, Minnesota; and

John J. Choi, Ramsey County Attorney, Thomas R. Ragatz, Assistant County Attorney, St. Paul, Minnesota (for respondent)

Mark J. Miller, Minneapolis, Minnesota (for appellant)

Considered and decided by Bjorkman, Presiding Judge; Peterson, Judge; and Rodenberg, Judge.

**U N P U B L I S H E D   O P I N I O N**

**RODENBERG**, Judge

Appellant Jonathon Michael Honeycutt appeals his conviction for first-degree criminal sexual conduct. Because our review of the record does not support his claims of evidentiary errors by the district court and prosecutorial misconduct, we affirm.

**D E C I S I O N**

As noted in our earlier unpublished opinion, *State v. Honeycutt*, A15-1456, 2016 WL 281425, at *1 (Minn. App. Jan. 25, 2016), appellant was found guilty of first-degree criminal sexual conduct under Minn. Stat. § 609.342, subd. 1(h)(iii) (2010), for having sexual contact with a then-13-year-old girl, A. The state appealed the sentence, and we reversed and remanded the district court's downward durational sentencing departure. *Honeycutt*, 2016 WL 281425, at *1. In this appeal from the judgment of conviction, appellant argues that the district court abused its discretion in several evidentiary rulings, that the prosecutor committed misconduct during closing arguments, and that the cumulative effect of these errors deprived him of a fair trial.

## I.    Evidentiary rulings

Appellant argues that the district court erred by (1) admitting A.'s journal entries as exhibits, (2) permitting A. to testify about having sent appellant a Facebook message to which A. received no response, and (3) excluding evidence that A. made sexual abuse claims against other individuals. "Evidentiary rulings rest within the sound discretion of the [district] court and will not be reversed absent a clear abuse of discretion." *State v. Carridine*, 812 N.W.2d 130, 141 (Minn. 2012) (quotation omitted). On appeal, appellant has the burden to establish that the district court abused its discretion and that he was thereby prejudiced. *State v. Griffin*, 834 N.W.2d 688, 693 (Minn. 2013). Even if the district court erred in admitting evidence, the reviewing court determines "whether there is a reasonable possibility that the wrongfully admitted evidence significantly affected the verdict." *State v. Post*, 512 N.W.2d 99, 102 n.2 (Minn. 1994).

2

A. *Journal entries*

Appellant argues that the district court abused its discretion by admitting A.'s journal entries as exhibits for the jury's review. He maintains that the entries should properly have been considered hearsay evidence admissible only under Minn. R. Evid. 803(5).

Hearsay is defined as an out-of-court statement offered in evidence to prove the truth of the matter asserted. Minn. R. Evid. 801(c); *State v. Manthey*, 711 N.W.2d 498, 504 (Minn. 2006). The rules of evidence bar the admission of hearsay evidence, with recognized exceptions. *See* Minn. R. Evid. 802 (barring admission of hearsay), 803 (listing exceptions to the hearsay rule), 804 (same).

Appellant did not argue to the district court that the journal entries were hearsay. In fact, appellant *agreed* that the entries were prior consistent statements, defined by Minn. R. Evid. 801 as non-hearsay, but he argued that the entries should not be admitted as exhibits because they were also recorded recollections. Appellant cited no legal authority to the district court to support this assertion, nor does he cite any on appeal. Neither does appellant explain why the district court ought to have considered one of the hearsay exceptions, Minn. R. Evid. 803(5) (concerning recorded recollections), as bearing on the admissibility of non-hearsay evidence.

Assuming, without deciding, that appellant properly preserved this issue for appeal by arguing that the journal entries should not have gone to the jury room, we see no abuse of the district court's discretion in admitting the journal entries into evidence. They were

3

prior consistent statements, as appellant agreed in district court, and were therefore non-hearsay by definition. The exhibits were properly marked and received and, under Minn. R. Crim. P. 26.03, subd. 20(1), were required to be available in the jury room.

*B.  Facebook message*

Appellant argues that the district court erred in permitting A. to testify that she sent a Facebook message to appellant to which she received no response. Appellant did not object to A. "say[ing] she wrote a Facebook message and she felt really upset" and therefore failed to raise this objection to the district court.

Even if not properly preserved, we may review an alleged evidentiary error for plain error. *State v. Dao Xiong*, 829 N.W.2d 391, 395 (Minn. 2013). Appellant must demonstrate "(1) an error, (2) that the error is plain, and (3) that the plain error affects substantial rights." *Id.* Whether a district court errs when admitting or excluding evidence under the first plain-error element turns on whether it abused its discretion. *See State v. Jenkins*, 782 N.W.2d 211, 230-31 (Minn. 2010) (concluding in context of plain-error review that "the district court did not abuse its discretion or commit any error when it granted the State's motion to exclude the evidence on relevance grounds"); *see also State v. Hayes*, 826 N.W.2d 799, 808 (Minn. 2013) (declining to "consider the remaining [elements] of the plain-error test" after concluding that "the district court did not abuse its discretion in admitting the challenged testimony").

Appellant confuses the admission of testimony about a Facebook message with admission of the Facebook message itself. The district court properly sustained appellant's objection to the admission of the Facebook message, because it could not be

authenticated. But it did not intervene to prohibit A. from testifying that she sent appellant a Facebook message. This unobjected-to testimony was no more improper than a witness testifying that he or she left a voicemail or sent a letter. *See, e.g.*, *State v. Hurd*, 763 N.W.2d 17, 23 (Minn. 2009) (noting that two of that defendant's cellmates testified about an incriminating conversation with the defendant); *State v. Welch*, 675 N.W.2d 615, 619-20 (Minn. 2004) (holding that the district court's finding, based on a witness's testimony, that the initial conversation between the witness and the defendant contained a "sexual overtone" was supported by the evidence). We see no error, and certainly none is plain here.

### C. *Application of the rape-shield statute*

Appellant argues that, although A.'s allegations of sexual abuse by others were properly excluded under the rape-shield statute, Minn. Stat. § 609.347 (2014), the district court should have allowed evidence that A. was "dating like a normal girl" in order that he might vindicate his right to present a complete defense. *See State v. Friend*, 493 N.W.2d 540, 545 (Minn. 1992) (stating that "[i]n certain cases the due process clause, the right to confront accusers, or the right to present evidence will require [the] admission of evidence otherwise excluded by the rape shield law"). Appellant maintains that he was denied the right to cross-examine A. But appellant merely moved, before trial, to admit A.'s statements as prior inconsistent allegations of sexual abuse, and he advanced no alternative-perpetrator defense.

At trial, appellant specifically disavowed any "intention of discussing anything sexual" concerning A.'s dating practices, arguing that he only sought to establish that she

5

was "dating like a normal girl." Appellant made no offer of proof, and does not specify on appeal what evidence he believes was prejudicially excluded. *See* Minn. R. Evid. 103(a)(2) (providing that "[i]n case the ruling is one excluding evidence, the substance of the evidence was made known to the court by offer or was apparent from the context within which questions were asked); *State v. Bjornson*, 378 N.W.2d 4, 10 (Minn. App. 1985) (rejecting an appellant's claim that district court erred in restricting cross-examination of a witness where defense counsel did not make an offer of proof), *review denied* (Minn. Jan. 17, 1986). Appellant has not demonstrated any error in the district court's application of the rape-shield law. And, in the absence of any offer of proof concerning the evidence he claims should have been admitted, he cannot demonstrate any prejudice.

## II. Prosecutorial misconduct

Appellant argues that he is entitled to a new trial because the prosecutor committed prejudicial misconduct. Specifically, he argues that the prosecutor vouched for the credibility of the victim and another witness during his closing argument. Appellant acknowledges that he did not object to either incident of alleged misconduct during trial.

A defendant who fails to object to alleged prosecutorial misconduct ordinarily forfeits the right to appellate review of the purported misconduct. *State v. Ture*, 353 N.W.2d 502, 516 (Minn. 1984). We have discretion to review unobjected-to prosecutorial misconduct if plain error is shown. Minn. R. Crim. P. 31.02; *State v. Ramey*, 721 N.W.2d 294, 299 (Minn. 2006). To establish plain error based on a claim of

6

prosecutorial misconduct, the prosecutor's unobjected-to act must constitute error, the error must be plain, and the error must affect the defendant's substantial rights. *Ramey*, 721 N.W.2d at 302. The burden rests with the defendant to demonstrate error that is plain. *Id.*

Appellant argues that "the prosecutor in closing argument repeatedly vouched for the credibility of his witnesses." Impermissible vouching occurs "when the government implies a guarantee of a witness's truthfulness, refers to facts outside the record, or expresses a personal opinion as to a witness's credibility." *State v. Lopez-Rios*, 669 N.W.2d 603, 614 (Minn. 2003) (quotations omitted). "But the state may argue that particular witnesses were or were not credible." *Id.* To determine whether a prosecutor's statement constitutes improper vouching, we consider the closing argument as a whole. *State v. Smith*, 825 N.W.2d 131, 139 (Minn. App. 2012), *review denied* (Minn. Mar. 19, 2013).

Appellant identifies three statements made by the prosecutor during closing argument that he asserts constitute improper vouching: (1) "[A.] was honest;" (2) "[C., A's brother] is a boy that may not be capable of a lie;" and (3) "If you believe [A.], you have no reasonable doubt." Considered in isolation, these statements might appear to vouch for a witness's credibility. *See State v. Swanson*, 707 N.W.2d 645, 656 (Minn. 2006) (stating that arguments that a witness was "very believable" appear to vouch for that witness's credibility). But when read in proper context, as a portion of the state's "discussion of factors affecting the credibility of the witnesses," the arguments are not

7

plainly erroneous. *Id.*; *see also Ramey*, 721 N.W.2d at 299 (applying the plain-error standard to unobjected-to prosecutorial misconduct).

Here, these isolated statements were part of the prosecutor's marshalling of the evidence in a 26-page summation. The prosecutor did not guarantee or imply any personal endorsement of any witness's credibility, refer to facts outside of the record, or express a "personal opinion" about credibility. *Lopez-Rios*, 669 N.W.2d at 614. The prosecutor argued that the state's witnesses were credible. Plain error has not been demonstrated.

## III.    Cumulative effect

Appellant argues that the aggregation of the alleged errors and misconduct demonstrates that he did not receive a fair trial. A defendant is deprived of a procedurally fair trial when "the number of errors and the seriousness of some of them" render us "unable to determine whether the jury based its verdict on the admissible evidence and the reasonable inferences derived therefrom." *State v. Mayhorn*, 720 N.W.2d 776, 792 (Minn. 2006). "Cumulative error exists when the cumulative effect of the . . . errors and indiscretions, none of which alone might have been enough to tip the scales, operate to the defendant's prejudice by producing a biased jury." *State v. Penkaty*, 708 N.W.2d 185, 200 (Minn. 2006) (alteration in original) (quotation omitted).

Appellant has failed to demonstrate error. Therefore, there are no errors to accumulate. Appellant received a fair trial.

**Affirmed.**

8